

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                           Criminal No. 3:03cr59

ROBERT HILL

### MEMORANDUM OPINION

On April 15, 2004, following a jury trial, Robert Hill was convicted of conspiracy to possess with intent to distribute and distribution of fifty (50) grams or more of cocaine base, possession with intent to distribute fifty (50) grams or more of cocaine base, and two counts of distribution of five (5) grams or more of cocaine base. (Verdict Form 1-3, ECF No. 298.) On October 4, 2004, the Court entered final judgment and sentenced Hill to 480 months of imprisonment. By Memorandum Opinion and Order entered on June 24, 2008, the Court denied Hill's 28 U.S.C. § 2255 Motion. On January 20, 2015, Hill mailed a motion for a new trial to the Court. (ECF No. 471.)

Federal Rule of Criminal Procedure 33 provides:

**Rule 33.  New Trial**
    (a) **Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

    (b) **Time to File.**
    (1) **Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or

> finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Hill's Motion for a New Trial (ECF No. 471), filed more than ten (10) years after he was found guilty, is clearly untimely and will be denied.[1]

The Clerk is directed to send a copy of the Memorandum Opinion to Hill and counsel for the United States.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: February 25, 2016
Richmond, Virginia

---

[1] Hill suggests that the Court can ignore the time limitations in Rule 33 because the untimely filing of his Motion for New Trial is attributable to counsel. Hill cites no persuasive authority for the proposition that his extremely tardy Motion for a New Trial is timely. Moreover, Hill's right to counsel to pursue a motion for a new trial lapsed fourteen (14) days after the entry of the judgment of the conviction. See United States v. Williamson, 706 F.3d 405, 417-18 (4th Cir. 2013).

2