IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                  Criminal No. 3:03cr59-01

ROBERT HILL

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 AND STATEMENT OF POSITION (ECF No. 483), the United States' Response to Defendant's Motion for a Sentence Reduction Under the First Step Act (ECF No. 484), the DEFENDANT'S AMENDED REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 487), and the UNITED STATES' SUPPLEMENTAL FILING ON EFFECT OF CLEMENCY UNDER THE FIRST STEP ACT OF 2018 (ECF No. 288). For the reasons set forth below, DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 AND STATEMENT OF POSITION (ECF No. 483) will be denied.

**BACKGROUND**

In July 2004, Robert Hill was convicted by a jury of conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846; possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841; and two counts of possession with intent to

distribute and distribution of cocaine base in violation of 21 U.S.C. § 841.

The conspiracy in which Hill was involved operated between 1996 and 2003. The evidence showed that Hill sold over a kilogram of cocaine base weekly at various times during the conspiracy and that he sold at various locations in Virginia. Hill supplied the cocaine and cocaine base to the other nine co-conspirators in this case. The record also shows that Hill distributed drugs to at least two juveniles during the course of the conspiracy. Further, Hill obstructed justice by threatening co-defendant, Enrice Veney, on two different occasions. Veney was a cooperating witness at the time.

In 1991, Hill was convicted in state court of possessing cocaine with intent to distribute for which he received a sentence of twenty years, twelve years of which was suspended. At the same time Hill was sentenced for receiving stolen property and sentenced to a period of five years imprisonment, three years of which was suspended. The record shows that not long after he was released from state prison on the state drug conviction, Hill began engaging in the conspiracy that represents the offense of conviction.

In July 2004, Hill was sentenced in this case to a term of imprisonment of 480 months and a period of supervised release of ten years. In August 2016, Hill received an executive grant of

clemency in which his term of imprisonment was reduced to 240 months. All other aspects of the sentence were left in place.

The record also reveals that Hill has had no disciplinary infractions while in Bureau of Prisons custody. He completed his GED in 2004 and has taken over forty different educational courses during his time in the Bureau of Prisons. Hill has been assigned to work in the UNICOR warehouse and has received satisfactory work performance evaluations.

## DISCUSSION

The threshold issue in this case is whether Hill is eligible for sentencing under the Fair Sentencing Act because he received a grant of executive clemency which is said to deprive the Court of jurisdiction to extend any further modification of sentence under Section 404(b) of the First Step Act. The parties have fully briefed that issue and there are decisions on each side of it. However, recently the United States Attorney for the Eastern District of Virginia has informed the Court that, in this jurisdiction, that argument is no longer being pursued. Accordingly, it will not be considered here further. (ECF No. 488).

To the extent that the United States continues to argue that, because of the quantity of crack cocaine possessed with intent to distribute and involved in the conspiracy, renders Hill ineligible

for relief under the First Step Act, the argument is rejected for the reasons set forth in United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), United States v. Mabry, 420 F. Supp. 3d 475 (E.D. Va. 2019), and United States v. Hardnett, 417 F. Supp.3d 725 (E.D. Va. 2019). Eligibility for modification of sentence under the First Step Act does not depend upon the quantity of controlled substances at issue. And, it is clear that, before August 3, 2010, Hill violated a federal statute, the penalties for which were amended by Sections 2 or 3 of the First Step Act. That is what is required for eligibility.

However, it is quite a different matter to determine whether a modification of sentence should be granted. The record here establishes that Hill, who previously was convicted of possessing cocaine with intent to distribute and sentenced to serve five years of imprisonment for that offense in the state court, was released from the Virginia Department of Corrections in 1996 under a discretionary release program. Almost immediately thereafter, Hill returned to distributing cocaine base and engaged in the conspiracy at issue here from 1996 through 2003. Hill was highly instrumental in a conspiracy that sold significant volumes of cocaine base and ultimately was held responsible for distributing in excess of 17 kilograms of cocaine base. The record shows, in addition, that Hill received no disciplinary infractions while in

the custody of the Bureau of Prisons. He also completed his GED and took forty educational courses and is working with UNICOR having received satisfactory work performance evaluations. Thus, there is evidence that Hill has used the time in serving his sentence to better himself and to prepare himself to return to society and to be a productive citizen.

However, the offense conduct in this case and Hill's criminal record are not outweighed by Hill's efforts toward rehabilitation while in prison. Hill was a significant and inveterate drug dealer in his own right and he distributed drugs to others who, in turn, distributed them in the communities in which they lived in the Northern Neck of Virginia. The damage done by distribution of such vast quantities is incalculable. After Hill was released from prison on a state drug conviction, he undertook the offense of conviction. Nothing seems to deter him. For reasons neither explained nor readily apparent, Hill's sentence was commuted. Taking into account the rehabilitation efforts, the offense conduct, Hill's record, and the executive commutation of Hill's sentence, the Court finds that the motion for further reduction of sentence must be denied to assure protection of the public, to deter Hill, and to promote respect for the law.

## CONCLUSION

For the reasons stated above, the DEFENDANT'S MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 AND STATEMENT OF POSITION (ECF No. 483) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 28, 2020